FILED
SUPERIOR COURT
OF GUAM

2026 JUN -2 PM 3: 06

CLERK OF COURT
By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| IN THE MATTER OF THE ESTATE<br><br>OF<br><br>RADHI P. HEMLANI,<br><br><br>Deceased. | Probate Case No. PR0123-13<br><br>**DECISION AND ORDER<br>RE: PETITION FOR INSTRUCTIONS** |

## INTRODUCTION

This matter came before the Honorable John C. Terlaje on March 17, 2026 for a Motion Hearing regarding the Estate's Petition for Instructions. Attorney Bill Mann appeared on behalf of the Radhi Hemlani Family Trust ("Family Trust"), Attorney Rawlen M.T. Mantanona appeared on behalf of the Estate of Radhi P. Hemlani ("Estate"), Attorney Rodney J. Jacob appeared on behalf of the P. D. Hemlani Foundation, Ltd. ("PDHF"), and Attorney Rachel Taimanao-Ayuyu appeared on behalf of the Estate of Jack Hemlani. After reviewing the record, relevant law, and arguments from the parties, the Court **ORDERS** the implementation of the 2025 Proposed Closure Plan as modified by the May 11, 2026 Stipulation and the denial of the $250,000 fees assigned to the Special Administrator's ("SA's") attorney.

## PROCEDURAL BACKGROUND

The Estate filed its Petition for Instructions on February 2, 2026. The Family Trust filed its Objection to the Estate's Petition on February 10, 2026. The Estate filed its Reply on

Page 1 of 7

February 20, 2026. The Court heard oral arguments for the Petition for Instructions on March 17, 2026.

The Estate, the Radhi Puran Trust ("RPT"), PDHF, and the Estate of Jack Hemlani each filed additional responses and objections regarding the Petition for Instructions after the oral argument that took place on March 17, 2026. The Court will not consider these late objections and responses because these briefings were filed without leave of the Court and in violation of the Guam Rules of Civil Procedure.

## FACTUAL BACKGROUND

On February 7, 2025, the Estate filed a proposed closure plan. Special Administrator's Estate [Proposed] Closure Plan ("Proposed Closure Plan") (Feb. 7, 2025). The plan provided for claims and judgments against the Estate, Estate assets, and resolutions to the claims against the Estate and by the Estate. *See id.* The Family Trust filed an Opposition to this Closure Plan that it reasserts at this time. Objections of the Radhi Hemlani Family Trust to the Estate of Radhi Hemlani's Petition for Instructions ("Objections") at 6 (Feb. 10, 2026). The Family Trust has two objections to the proposed closure plan: the first is that the Estate plan claims that the Radhi Fabric Shop is part of the Estate, and the second is SA's Counsel's claim to $250,000 in attorney's fees. *Id.* The Family Trust claims that the Radhi Fabric Shop is the Family Trust's property. *Id.* And the Family Trust claims that SA's Counsel's claim to $250,000 in attorney's fees is not in accordance with the percentage allowance, which has yet to be determined by the Court. *Id.*

The Estate claims that it cannot fund its own closure. The Estate of Radhi P. Hemlani's Petition for Instructions ("Pet. for Instructions") at 1 (Feb. 2, 2026). The Estate has multiple

claims against it by heirs and recipients of judgments against the Estate and the Decedent. *Id.* at 2–3. The Estate also alleges that there are significant fees the Estate owes to the Special Administrator ("SA") and the SA's counsel. *Id.* The Estate asserts that the RPT has an obligation to the Estate to pay for the Estate's debts. *Id.* at 5–7. The Estate asserts that the Family Trust is authorized to pay the Estate's debts, and therefore, should pay those debts. *Id.* However, the Family Estate states that the Estate has not yet sold its assets to make that determination. Objections at 6–7.

In its objection, the Family Trust states that they agree with the provisions of the SA's February 7, 2025 Closure Plan, except for the Radhi Fabric Shop and the SA's counsel's claim to $250,000. *Id.* The Family Trust states that the SA and her counsel should be paid a percentage of the Estate. *Id.* And the Family Trust argues that there are a large number of assets that the Estate outright owns with no contest that could be sold before the SA turns over the duty of the Estate's costs and fees. *Id.*

During the oral arguments on March 17, 2026, both PDHF and the Estate of Jack Hemlani agreed with the Family Trust's proposed plan. Statement of Rodney J. Jacob (Mot. Hr'g, Mar. 17, 2026); Statement of Rachel Taimanao-Ayuyu (Mot. Hr'g, Mar. 17, 2026). Both parties stated that there are multiple assets still in the Estate's possession that could be used to close out the Estate. Statement of Rodney J. Jacob; Statement of Rachel Taimanao-Ayuyu. And the Estate of Jack Hemlani pointed out that the Estate's jewelry has yet to be sold. Statement of Rachel Taimanao-Ayuyu.

On May 11, 2026, the Estate and the Family Trust stipulated that the Estate has ownership of Radhi's Fabric Shop. Stipulation at 1 (May 11, 2026). However, the Estate must

sell the Fabric Shop in compliance with the probate code. *Id.* at 2. Additionally, the Estate must use the proceeds from the sale to pay the Estate of Jack Hemlani the $200,000 claim Jack Hemlani has on the Estate. *Id.* The Estate also agreed to pay $160,164.24 to PDHF from the proceeds of the sale of the Fabric Shop for the claims PDHF has against the Estate. *Id.*

The Estate's Petition for Instructions alleges that some assets are at issue because the Decedent may not have been a "competent trustor". Pet. for Instructions at 4. The Family Trust disagrees. Objections at 1–4. However, the Court will not address this issue at this time because it is irrelevant to the Petition for Instructions. The SA requests that the Family Trust take on the work of selling the Estate property to pay off its debts. The Family Trust asks that the Estate sell all available property to pay off the Estate's debts before the Family Trust steps in to pay for the remaining Estate costs and fees. The Decedent's ability to be a competent trustor does not affect all the Estate's assets nor the ability of the SA to sell those assets and pay off debts the Estate owes.

The Court agrees with the Family Trust that the SA has a duty to the Estate to sell all the assets of the Estate to pay off debts before turning to the Family Trust or RPT. Once the Estate has exhausted all assets, then RPT's obligation to pay Estate fees activates, and the Family Trust can pay off Estate costs and fees at its trustee's discretion.

## **DISCUSSION**

Before the Court at this time are two issues. First, the Court must determine whether the Estate should pay its own costs until exhausting all options or if the Family Trust and the RPT should pay the Estate's costs. Second, the Court must determine whether to adopt the Estate's 2025 closure plan. The Court will first discuss that the Estate should pay its own costs until all options

are exhausted. Then the Court will discuss adopting the Estate's 2025 Closure Plan with the amendments requested by the Family Trust.

## I. The Estate must exhaust all resources before turning to the Radhi Puran Trust or the Family Trust.

When a special administrator is appointed in a probate case, he or she has the duty to "take possession of all the real and personal property of the decedent, and preserve it from damage, waste and injury, and must collect all claims, rents, and other income belonging to the estate; and for any such purposes may commence and maintain or defend suits and other legal proceedings. . ." 15 G.C.A. § 1907.

Under the Declaration of Trust for the Family Trust, the Family Trust is authorized to pay the Estate's fees and costs, but is not obligated to do so. Mot. to Dissolve Order Dated Feb. 9, 2015 at Ex. A (Aug. 8, 2025); Order Granting Mot. to Dissolve Order Dated Feb. 9, 2015 at 7 (Dec. 16, 2025). The Declaration of Trust states:

> On Settlor's death, the Successor Trustees, in the Successor's Trustee's discretion, may pay out of the trust estate Settlor's debts outstanding at the time of her death . . . including interest and penalties attributable to the trust estate arising because of Settlor's death. . . attorney's fees, and other costs incurred in administering Settlor's probate estates.

Order Granting Mot. to Dissolve Order Dated Feb. 9, 2015 at 7.

Under the RPT, the RPT is obligated to pay the Estate's expenses in probate. Pet. for Instructions at 6. Specifically, the RPT is obligated to pay

> expenses of probate . . . including, but not limited to payment of estate, inheritance and other death taxes (including interest and penalties), last illness expenses, funeral expenses, transfer expenses, administration costs, claims against the Settlor's estate, court allowance, devices and other costs and expenses authorized by the

Settlor's Will. The Trustee need not see to the application of any funds paid to any executor representative of the Settlor's estate.

*Id.* This obligation is subject to another section of the RPT, section 3.05, which was not provided to the Court. *Id.*

The SA is obliged to close out as many claims as possible using the assets of the Estate. Under the Guam Code, the SA must "commence and maintain or defend suits and other legal proceedings . . ." that involve the Estate. 15 G.C.A. § 1907. Therefore, the SA must fulfill that duty and see to the end the multiple claims against the Estate that the SA referred to in the Petition for Instructions. The Estate still has assets that can be liquidated to fulfill these financial obligations, which is made more apparent by the stipulated agreement between the Estate and the Family Trust allowing for the Fabric Shop to be sold. The Court finds no reason to leave this duty to the Family Trust or the RPT until the Estate's assets are exhausted.

## II. The Court will adopt the 2025 Closure Plan with the amendments proposed by the Family Trust.

The Court will adopt the 2025 closure plan, but will modify it in accordance with the 2026 Stipulation and will determine the SA's and her attorney's fees at a later date. The parties are in agreement, based on the Petition and responses, that the 2025 Closure Plan should be adopted. The only disagreement was the ownership of the Fabric Shop and the amount to be paid to the SA's attorney. The Fabric Shop has been resolved through the Stipulation that the Family Trust and the Estate recently executed, so the Court will adopt the 2025 Closure Plan as it would be amended by the 2026 Stipulation. Additionally, the Court will not address the SA's and her attorney's fees at this time. These costs and fees must be more fully addressed by the parties before the Court can rule on what those costs and fees should be.

## CONCLUSION

Therefore, the Court **ORDERS** that the Family Trust's plan be implemented. The 2025 Closure Plan is adopted with the modifications made by the May 11, 2026 Stipulation and the denial of the $250,000 fee to the SA's attorney, understanding that the parties will fully address the SA and her attorney's costs at a later date.

**SO ORDERED**, this _____ 6/2/26 _____.


_____
**HONORABLE JOHN C. TERLAJE**
**Judge, Superior Court of Guam**

SERVICE VIA-EMAIL

I acknowledge that an electronic copy
of the original was e-mailed to:
LABOT MANTANONA, B. MANN
THOMAS TARPLEY,
R.TAIMANAO-AYUYU, R. JACOB

JUN 0.2 2026 Time: 3:18pm

_Edna M. Nego_
Deputy Clerk, Superior Court of Guam

Page 7 of 7